CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 07 2010
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JOHN CHRISTOPHER EARLES, | ) | CASE NO. 4:09CV00027 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's November 8, 2006 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on February 26, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, November 1, 2003, and that he met the insured status requirements under the Act

through March 1, 2008[1]. (R. 12.) The Law Judge determined plaintiff suffered severe impairments, but that he did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 12, 16.) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work, but that he required an alternate sit/stand option to change positions as needed. (R. 17.) The Law Judge specifically found that plaintiff could sit for one to two hours at a time, stand about twenty minutes, and walk about twenty minutes. (*Id.*) Plaintiff also was found to have the ability occasionally to reach, handle and grasp with his left arm, with no limitations in the use of his right arm. (*Id.*) The Law Judge was of the belief that plaintiff could not climb ladders, bend, stoop, or crouch and should avoid hazards such as unprotected heights. (*Id.*) The Law Judge determined that plaintiff's RFC precluded him from performing his past relevant work.[2] (R. 20.) By reference to testimony provided by the vocational expert ("VE"), the Law Judge concluded that other jobs existed in significant numbers in the national economy that plaintiff can perform. (R. 20-21.) The Law Judge ultimately found he was not disabled under the Act. (R. 21.)

Plaintiff appealed the Law Judge's February 26, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, March 1, 2008. *See* 20 C.F.R. § 404.131(a). Therefore, any evaluation of the plaintiff's disability following that date relates solely to his claim for SSI benefits.

[2] Plaintiff's past relevant work included that of truck loader, material cutter, order packer, and lumber stacker. (R. 20.)

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

On February 8, 2010, plaintiff's mother wrote a letter to the Social Security Administration which provides:

> Hello,
>
> I did my best to "file a brief" in Dec. '09 on behalf of my son, John C. Earles. (Case #4:09-CV-00027)
> We cannot, and could not then, afford an attorney. I have tried to satisfy all your requirements as effectively as I can.

(Dkt. No. 13.) The undersigned subsequently entered an Order directing plaintiff to show cause for his failure to prosecute. (Dkt. No. 12.) Plaintiff has made no further response, and the Commissioner has filed a motion for summary judgment.[3]

In his motion for summary judgment, the Commissioner argues that the Law Judge's finding that plaintiff's musculoskeletal disorders were severe impairments and that his depressive disorder and polysubstance abuse were not severe impairments is supported by substantial

---

[3]Though his mother has filed various papers on his behalf, plaintiff who was thirty-three years old on his alleged disability onset date, appears *sui juris* in all respects.

evidence. (Commissioner's Brief, pp. 11-13.) A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities[4]. 20 C.F.R. §§ 404.1520(c), 416.920(c). In other words, an impairment is severe if it is more than "a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler,* 724 F.2d 914, 920 (4th Cir. 1984) (emphasis in original). The burden is on the plaintiff to produce medical evidence establishing both the existence and the severity of any claimed impairments and to establish how those impairments affect his functioning. 20 C.F.R. §§ 404.1512(a), 416.912(a).

The Law Judge found that plaintiff's medically determinable mental impairments of depressive disorder and history of polysubstance abuse, viewed alone or in combination, were nonsevere impairments. (R. 14.) This finding is supported by substantial evidence.

The record substantially supports the Law Judge's finding that plaintiff's mental impairments were not severe. Plaintiff was routinely treated by a primary care physician, and he responded well to the medication regimen. (R. 168, 174, 176, 178–182, 185.) *See Gross v. Heckler,* 785 F.2d 1163, 1166 (4th Cir. 1986) (noting a symptom is not disabling if it can be reasonably controlled by medication or treatment).

The only mental status examination in the record was conducted by P. C. Patel, M.D. on March 2, 2004. (R. 156-158.) The psychiatrist opined that plaintiff suffered with an anxiety

---

[4]Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

disorder NOS, a history of alcohol abuse, and possible panic disorder. (R. 157.) The psychiatrist noted that plaintiff was being treated with Valium, was "coping adequately," and had a GAF of around 68[5]. (R. 156, 158.)

Plaintiff was hospitalized from October 22 through October 25, 2004. (R. 159-164.) Plaintiff reported a conflict with his long-term girlfriend resulting in dissolution of the relationship. (R. 159.)

An evaluation by State Agency record reviewing psychologist, Louis Perrot, Ph.D., supports the Law Judge's finding that plaintiff's mental impairments were not severe. Dr. Perrot opined that plaintiff suffered with anxiety, depression, and alcohol and polysubstance abuse. (R. 211-224.) The psychologist concluded that these mental impairments were non-severe. (R. 211.) The psychologist found that plaintiff had no functional limitations in the following areas: restriction of activities of daily living and repeated episodes of decompensation, each of extended duration. (R. 221.) Dr. Perrot found that plaintiff's limitations in maintaining social functioning and concentration, persistence, or pace were only mild. (*Id.*)

An evaluation by State Agency record reviewing psychologist, E. Hugh Tenison, Ph.D., further supports the Law Judge's finding that plaintiff's mental impairments were not severe. (R. 192-204.) Dr. Tenison noted that plaintiff was being treated for an anxiety disorder, but that he did not have any severe mental impairments. (R. 192, 197.) Dr. Tenison found that plaintiff's mental impairments imposed no restriction of activities of daily living and did not cause him to

---

[5]The GAF ranks psychological, social, and occupational functioning on a hypothetical continuum of mental illness ranging from zero to 100. Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (Text Revision 4th ed 2000) ( *DSM-IV* ). A GAF of 61-70 indicates "mild" symptoms or difficulties. *Id.*

5

experience repeated episodes of decompensation for an extended period. (R. 202.) The psychologist further found that plaintiff suffered only mild difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence, or pace. (R. 221.)

Next, the Commissioner argues that the Law Judge's finding that plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment is supported by substantial evidence. (Commissioner's Brief, pp. 13-15.) A plaintiff has the burden of proving that his impairments, alone or in combination, meet or equal a listed impairment. *See Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) (noting the claimant has the burden of showing that he has a medically severe impairment or combination of impairments and that the Act requires him to furnish medical evidence regarding his condition); *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (stating that the burden of production and of proof is on the claimant to establish that he has an impairment that meets or equals a listing). There is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet his burden of establishing a listed impairment.

When evaluating plaintiff's musculoskeletal impairment, the Law Judge focused his analysis on § 1.00 of the Listings, 20 C.F.R. Part 4, Appendix 1. (R. 16-17.) Section 1.00 addresses musculoskeletal impairments and provides that "a musculoskeletal impairment . . . is defined as the inability to ambulate effectively on a sustained basis . . . or the inability to perform fine and gross movements effectively on a sustained basis." 20 C.F.R. Part 4, Appendix 1, § 1.00(B)(2)(a).

Mark. B. Stowe, M.D. performed a consultative examination on March 29, 2007. (R. 207-210.) Dr. Stowe found that, while plaintiff walked with a cane and had a slight limp on the

6

left side, there was no evidence of redness, atrophy, scarring, joint instability, or deformity. (R. 208-209.) While plaintiff expressed tenderness over the left shoulder joint, no crepitus or deformity was noted. (R. 209.) Dr. Stowe did note that he had tenderness in his low back and right buttock. (*Id.*.) The physician found that plaintiff exhibited a 5/5 muscle strength equal bilaterally. (*Id.*) Plaintiff's reflexes were 2+, symmetrical, and no sensory deficits were found. (*Id.*)

The Commissioner next argues that the Law Judge's finding that plaintiff could perform sedentary exertional work is supported by substantial evidence. (Commissioner's Brief, pp. 15-17.) Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a), 416.967(a).

The Law Judge's finding that plaintiff could perform sedentary exertional work is supported by the State agency record reviewing physicians. Shirish Shahane, M.D. evaluated plaintiff's medical records and completed a physical assessment. (R. 186-191.) He opined that plaintiff was capable of performing light exertional work[6], and his opinion was echoed by another record reviewer, Robert McGuffin, M.D.[7] (R. 225-231.)

Finally, the Commissioner argues that the Law Judge's finding that other jobs exist in significant numbers in the national economy that plaintiff can perform is supported by substantial

---

[6]If an individual can perform light work, he also can perform sedentary work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).

[7]Dr. Stowe also opined that plaintiff retained the RFC to perform a range of sedentary exertional work after his consultative examination. (R. 209-210.)

evidence. (Commissioner's Brief, pp. 17-18.) This conclusion certainly follows those related to plaintiff's maladies, their effects and his RFC, all of which are supported by substantial evidence.

The VE was presented with a hypothetical which was consistent with the Law Judge's RFC finding. (R. 42-43.) The VE opined that such a hypothetical person could perform sedentary work, and that substantial gainful employment would be available to such a person. (R. 43.) The VE identified work as an order clerk, cashier, or telephone operator as jobs available to a person like plaintiff. (*Id.*)

For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

4-7-2010
Date